IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**WILLIAM B. FEDERMAN, PC, d/b/a**
**FEDERMAN & SHERWOOD**                                                                 **PLAINTIFF**

**V.**                            **CASE NO. 5:24-CV-5191**

**KATHLEEN SUE SMITH; RILEY PARK;**
**and KAD ONCOLOGY SPECIALISTS, LLC**                                       **DEFENDANTS**

## OPINION AND ORDER

On December 13, 2024, the Court held an in-person hearing on Plaintiff William B. Federman, PC, d/b/a Federman & Sherwood's ("Federman") Motion for Default Judgment (Doc. 13) as to Defendants Kathleen Sue Smith and KAD Oncology Specialists, LLC. At the conclusion of the hearing, the Court made the following findings:

(1) KAD Oncology Specialists, LLC did not appear and is in substantive default for the amount that was transferred by wire to KAD's bank account, plus interest; however, at the time of the hearing, the Court could not make a final determination as to the precise dollar amount of liquidated damages KAD owed to Federman— including whether attorney's fees and/or prejudgment interest were owed.

(2) Ms. Smith appeared at the hearing but never filed an answer. Accordingly, the Court finds that she is in service default. However, Federman's theory of recovery against Ms. Smith is unclear from the face of the Complaint and the Motion for Default Judgment. Federman accuses Ms. Smith of acting in concert with KAD to commit fraud, but Federman acknowledges that Ms. Smith is KAD's owner—the person who "established and registered KAD Oncology Specialist [sic] with the Arkansas Secretary of State's Office," (Doc. 2, ¶ 16), and "direct[ly] control[led]"

1

KAD's JP Morgan Chase bank account," *id.* at ¶ 18. The Complaint does not assert facts to justify piercing the corporate veil to impose personal liability on Ms. Smith for the debts of KAD.

"[I]t is incumbent upon the district court to ensure that 'the unchallenged facts constitute a legitimate cause of action' prior to entering final judgment" because a party in default neither admits to facts that are not well-pleaded nor admits to mere legal conclusions. *Marshall v. Baggett*, 616 F.3d 849, 852–53 (8th Cir. 2010); *accord Trout Point Lodge, Ltd. v. Handshoe*, 729 F.3d 481, 491 (5th Cir. 2013) ("[A] default judgment does not equate to a general admission or an absolute confession." (quotation and citation omitted)). The standard for determining "what constitutes 'a sufficient basis' for the judgment" is "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015); *accord Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). Therefore, in order for Federman to obtain a substantive default against Ms. Smith in her individual capacity, the Complaint must plausibly assert a theory of liability against her that survives scrutiny under Rule 12(b)(6).

Bearing the above in mind, the parties are **ORDERED** to appear in person for an evidentiary hearing on the Motion for Default Judgment pursuant to Federal Rule of Civil Procedure Rule 55(b)(2). The purpose of the hearing will be to determine: (1) the amount of damages owed by KAD to Federman and (2) whether the Complaint states a plausible claim against Ms. Smith in her individual capacity, such that she should be held personally liable for the debts owed by KAD in this suit. **Twenty-one days prior to the hearing**, Federman is to file a supplemental legal brief and exhibits in support of its Motion, and

2

**seven days prior to the hearing**, Ms. Smith is to file a response brief and supporting exhibits. If KAD retains counsel and appears in the case, KAD's response brief and exhibits will be due on the same day as Ms. Smith's. **The hearing date will be set by separate Order.**

**IT IS SO ORDERED** on this 8th day of January, 2025.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

3